Citation Nr: AXXXXXXXX
Decision Date: 07/29/21 Archive Date: 07/30/21

DOCKET NO. 200421-82933
DATE: July 29, 2021

ORDER

The appeal seeking readjudication of the claim of service connection for a right knee disability, to include as secondary to service-connected right ankle, based on receipt of new and relevant evidence is granted.

REMANDED

Entitlement to direct service connection for a right knee disability is remanded. 

FINDINGS OF FACT

1. An April 2020 SOC confirmed denial of direct service connection for a right knee disability on the basis that there was no evidence of treatment for an injury, condition or complaints involving the right knee in service. 

2. Evidence received after the April 2020 SOC raises a secondary (to a service-connected right ankle disability) service connection theory of entitlement to service connection for a right knee disability and a nexus opinion (from a private medical provider) that supports both direct and secondary service connection theories of entitlement, and is relevant to the issue of service connection for a right knee disability. 

CONCLUSION OF LAW 

New and relevant evidence has been received, and readjudication of the claim of service connection for a right knee disability, to include as secondary to a service-connected right ankle disability, is warranted. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(d).

REASONS AND BASES FOR FINDING AND CONCLUSION 

The appellant is a Veteran who served on active duty from May 1971 to May 1973. Rating decisions in February 2008, September 2009 and June 2017 were issued under the legacy system, which denied service connection for a right knee disability. In a VA Form 10182 received on April 21, 2020 (accepted as an Opt-in from an April 8, 2020 statement of the case (SOC) into the AMA appeals system), he requested the Hearing with a Veterans Law Judge lane. In February 2021, a virtual Board hearing was held before the undersigned; a transcript is in the record. He submitted additional evidence in April 2021. Therefore, the Board may only consider the evidence of record when the SOC was issued, Board hearing testimony and argument, and evidence submitted within 90 days following the February 17, 2021 date of the hearing. [In May 2021, he submitted a statement waiving the remainder of the 90-day period to submit additional evidence.] 

New and relevant evidence has been received to warrant readjudication of the claim of service connection for a right knee disability, to include as secondary to a service-connected right ankle disability.

VA will readjudicate a claim if new and relevant evidenced is presented or secured. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(d). New evidence is evidence that was not of record at the time of a prior final determination. "Relevant evidence" is evidence that tends to prove or disprove a matter in issue. 38 C.F.R. § 3.2501(a)(1).

The Board finds that the evidence received since the April 2020 SOC is new and relevant. In February 2021 hearing testimony, the Veteran testified that he fell from equipment at a missile site (injuring his knee) and subsequently wore a cast on his leg. He also raised a new secondary (to a right ankle disability) theory of service connection for a right knee disability. In April 2021, VA received a private medical opinion (from Dr. M.S., MD) which relates the Veteran's current right knee disability to complaints and an injury in service and also indicates that it is secondary to an antalgic/altered gait from his service-connected right ankle disability. Such evidence tends to prove an element necessary to substantiate the claim of service connection for a right knee disability. Therefore, it is new and relevant, and readjudication of the claim of service connection for a right knee disability, to include as secondary to service-connected right ankle, is warranted. 

REASONS FOR REMAND

Entitlement to direct service connection for a right knee disability. 

Dr. M.S.'s positive nexus opinion relating his right knee disability to service (i.e. direct service connection) is inadequate because she based her rationale entirely on the Veteran's own report of medical history without citing to clinical data in the STRs supporting the factual premises for her opinion. Her opinion relating the right knee disability to his service-connected right ankle disability is conclusory and (also deficient) because she did not identify evidence of the antalgic gait due to his right ankle. While her opinion on the theories of direct and secondary service connection supports that development and readjudication of the claim is warranted, it is inadequate for an informed determination on the claim. 

[Though Dr. M.S.'s opinion is inadequate on both direct and secondary service connection. Under the Appeals Modernization Act (AMA), the Board may not remand for an adequate medical opinion based on a new theory of entitlement raised. (It may only consider, but not remand for development based on, new and relevant evidence submitted in the 90-day period after the Board hearing.) However, under the AMA, the Board may remand for 1) correction of an error on the part of the AOJ to satisfy its duties under 38 U.S.C. § 5103A, if the error occurred prior to the AOJ decision on appeal or 2) for correction of any other error by the AOJ in satisfying a regulatory or statutory duty, if correction of the error would have a reasonable possibility of aiding in substantiating the appellant's claim. 38 C.F.R. § 20.802. Here, Dr. M.S.'s opinion was in the record prior to the AOJ decision on appeal. (If the Veteran wishes to submit additional medical opinions, he should file a supplemental claim. 38 C.F.R. §§ 3.2500(c), 3.2501.)] 

[The Board also notes that the secondary service connection theory on right ankle was raised initially at the Board hearing. Since considered with the opinion submitted it is new and relevant evidence regarding service connection for a right knee disability, the Board may not remand for further development on that theory of entitlement.] 

The Board does find that there nevertheless was a pre-decisional duty to assist omission in this matter (unrelated to Dr. M.S.'s opinion). Evidence of record at the time of the April 2020 SOC showed that the Veteran had informed VA of treatment he received a Key West Navy hospital for his right knee in May 1973. Records of such treatment (which, if existing, are of record) are not in the claims file, do not appear to have been sought, and are pertinent evidence that must be sought. 38 C.F.R. § 3.159(c). 

An April 2017 Medical Opinion Disability Benefits Questionnaire (DBQ), includes a negative nexus (to service) opinion. While the provider cited to medical literature relating a medial meniscus tear (first identified in 2007 MRI) and degenerative joint disease (DJD) to the aging process) he did not consider whether the right knee disability might be related to a reported/alleged injury in service in 1973 (considering the Veteran's statements of continuous right knee pain since service separation). The opinion is deficient because he relied (impermissibly) on the absence of documentary evidence of right knee symptoms/treatment since 1973. See Dalton v. Peake, 21 Vet. App. 23 (2007) (a medical opinion based solely on the absence of documentation in the record is inadequate; a medical opinion is inadequate if it does not consider the Veteran's reports of symptoms and history).

In an April 2020 Medical Opinion DBQ, the provider appears to rely on "lapse in time in symptoms" and absence of inservice injury noted in STRs in support of the negative nexus opinion. The Veteran is competent to report an injury in service (which should be considered/addressed in formulating an opinion in this matter). 

Both the April 2017 and April 2020 opinions are deficient. When VA undertakes to obtain a medical opinion, it must obtain one that is adequate. See Barr v. Nicholson, 21 Vet. App. 303 (2007). The failure to do so here (as well as the failure to seek identified records of treatment at a Navy facility) constituted a pre-decisional duty-to-assist omission. Accordingly, a remand for corrective action is necessary.

The matter is REMANDED for the following:

1. Arrange for an exhaustive search to locate and obtain complete treatment and administrative records, both (as administrative records he was seen there would tend to corroborate his accounts) the Veteran reportedly received at the Navy Hospital in Key West, Florida) in or around May 1973. If such records cannot be located because they have been irretrievably lost or destroyed (or did not exist), it should be so certified; the scope of the search should be described; and the appellant should be so notified. He should be asked to provide any copies such records he may have in his possession. 

2. After the development requested above is completed, arrange for the Veteran's claims file to be forwarded to an appropriate clinician (in orthopedics) for review and an advisory medical opinion regarding the likely etiology of his right knee disability. The consulting provider should note the Veteran's lay statements regarding his injury inservice (which he reportedly then believed was a torn ligament) and continuous right knee pain since service separation. The opinion should include responses to: 

(a.) Identify (by diagnosis) each right knee disability entity shown by the record. 

(b.) Identify the likely etiology of each right knee disability entity diagnosed. Specifically, is it at least as likely as not (a 50% or better probability) that it is etiologically related to the Veteran's service? Opine specifically whether a meniscal (or any) knee injury could have been incurred in the fall in service (and persisted until a meniscal tear/osteoarthritis was shown on 2007 MRI).

(c.) If the right knee disability is determined to be unrelated to service and complaints or injury therein, identify the nonservice-related etiology for the disability that is considered to be more likely, and explain why that is so. 

All opinions must include rationale that cites to supporting clinical data and medical principles. The rationale must acknowledge/discuss the significance of all related complaints and findings in service and the supporting lay (and any medical) reports of continuity of complaints since service. 

 

 

GEORGE R. SENYK

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board D. Chu, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.